**FILED**
**Jul 14, 2025**
**01:27 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **CARLOS TOWNSEND,** | ) | **Docket No. 2018-06-1466** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HENDRICKSON USA, LLC,** | ) | **State File No. 51887-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **AGRI General Ins. Co.,** | ) | **Judge Joshua D. Baker** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

At a June 26, 2025 compensation hearing, Mr. Townsend requested permanent partial disability and future medical benefits for an alleged aggravation of his preexisting back injury. Hendrickson argued Mr. Townsend did not suffer a compensable aggravation. Due to insufficient expert medical proof, the Court denies benefits and dismisses this claim with prejudice.

### Claim History

Mr. Townsend alleged that lifting an engine at work on July 6, 2018, aggravated his preexisting thoracic spine condition. He said his pain did not begin immediately but later that evening.

He testified that he first injured his back in a 2016 car accident while working for Hendrickson. His back pain then worsened after a 2017 car accident—so much so that he began experiencing episodic "flare-ups." On the day he lifted the engine, he said his pain did not begin immediately when lifting the engine but later that evening.

Hendrickson cross-examined Mr. Townsend extensively, during which he admitted he lied on his application to get his job. He said he would do it again in the same circumstances where he needed to lie to gain employment.

Several weeks before his work injury, neurosurgeon Dr. Richard Berkman evaluated him for surgery on his thoracic spine. In a new-patient questionnaire, Mr. Townsend called his pain "constant" and reported taking narcotic pain medicine three times a day for pain.

Dr. Berkman testified he found small disc bulges but saw nothing requiring surgery. He also explained to the referring physician and to Mr. Townsend that his condition "should be a self-limiting problem and not require long-term issues[.]"

Initially unaware of the surgical evaluation, Hendrickson accepted Mr. Townsend's claim. It paid temporary disability benefits and authorized treatment with Dr. William DeVries, an orthopedic surgeon who placed Mr. Townsend at maximum recovery in March 2019 and assigned a 4% impairment. Hendrickson then denied the claim as a preexisting injury.

About nine months after Mr. Townsend reached maximum recovery, Dr. DeVries completed a C-32 form suggesting the work injury had aggravated and worsened Mr. Townsend's preexisting back condition. Additionally, the doctor attached a typed statement reading, "An activity made the preexisting condition worse and more symptomatic. The employment activity was primarily responsible for the present need for treatment of the preexisting condition."

Almost four years later, Hendrickson deposed Dr. DeVries, who agreed in his testimony with defense counsel's statement that Mr. Townsend's "[work] incident on July 16, 2018 . . . was not more than 50 percent of the cause of his injury, giving all causes consideration." However, the doctor immediately added, "These are almost always the most complicated cases when someone has had issues prior and then they get an aggravation."

Dr. DeVries acknowledged he knew when treating Mr. Townsend that he had received treatment for a preexisting back injury "immediately preceding" his work injury. However, he "was not aware he had seen Dr. Berkman." He also said he thought Mr. Townsend had experienced pain immediately when lifting the engine instead of later that evening.

At the hearing, a Hendrickson human resources specialist testified that Mr. Townsend received $16,614.95 in temporary disability and $7,380.17 in medical treatment before the claim's denial.

Hendrickson argued the claim should be denied and that the Court should order Mr. Townsend to reimburse the amount spent on temporary disability and medical treatment in his claim.

Mr. Townsend requested permanent partial disability benefits and future medical treatment, relying on Dr. DeVries's C-32 form responses and the form's attached statement.

## Law and Analysis

At a compensation hearing, Mr. Townsend must show by a preponderance of the evidence that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

Under Workers' Compensation Law, an aggravation of a preexisting condition is not compensable "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Id*. at § 50-6-102(12)(A).

An employee can satisfy the burden of proving a compensable aggravation if: "(1) there is *expert medical proof* that the work accident contributed more than fifty percent (50%) in causing the aggravation, and (2) the work accident was the cause of the aggravation more likely than not considering all causes." *Edwards v. Peoplease, LLC*, 2024 TN Wrk. Comp. App. Bd. LEXIS 23, at *16 (Jul. 2, 2024) (emphasis added) (appeal docketed No. W2024-01034-SC-R3-WC).

First, Mr. Townsend's reliance on Dr. DeVries's form responses and typed statements as his expert medical proof is misplaced given the evidentiary rules for a compensation hearing.

While the statute permits use of the form as expert testimony "in lieu of a deposition," the deposition is in evidence here, making the form's responses subordinate to the doctor's actual testimony. Tenn. Code Ann. § 50-6-235(c)(2). Importantly, in his testimony, the doctor did not adopt any of his form responses or the typed statement as his present opinion. So, weighing the doctor's earlier written responses and statements as evidence would require impermissible guesswork about whether the doctor's answers and opinions remained the same or had changed between when he completed the form and when he testified.

Second, important information that Dr. DeVries would have used for his causation opinion when completing the form had changed by the deposition. For example, he did not know Mr. Townsend had met with Dr. Berkman only weeks before the work injury—for the same thoracic spine complaints later treated as a work injury. He also had an incorrect understanding of Mr. Townsend's onset of pain.

Essentially, Mr. Townsend has only Dr. DeVries's imprecise deposition testimony. Although the doctor called Mr. Townsend's condition "an aggravation," he did not explain how or if "the aggravation arose primarily out of and in the course and scope of

employment[,]" which is necessary to prove medical causation. *Id.* at § 50-6-102(12)(A). Moreover, he agreed the work incident "was not more than 50 percent of the cause of his injury, giving all causes consideration." *Id.* at § 50-6-102(12)(B).

While an expert's rigid recitation of statutory language is unnecessary, "what is necessary is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in [the statute] are satisfied." *Panzarella v. Amazon.com, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017).

Here, the expert medical proof is simply insufficient to show by a preponderance of the evidence that Mr. Townsend suffered a compensable aggravation of a preexisting injury.

Hendrickson also questioned whether the accident at issue even occurred. Mr. Townsend's admission under oath that he lied to get his job brings his credibility into question. However, there no other witness to the accident testified.

Turning to Hendrickson's request for reimbursement of the benefits paid, Hendrickson did not cite authority for or explain the basis of its request. Therefore, that request is denied.[1]

It is **ORDERED** as follows:

1. Mr. Townsend's claim for benefits is denied and dismissed with prejudice.

2. Costs of $150.00 are assessed against Hendrickson under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution might issue as necessary.

3. Hendrickson shall file a Form SD-2 within five days after this order becomes final.

4. Unless appealed, the order shall become final 30 days after issuance.

---

[1] Notably, the payment of temporary disability in this claim cannot be characterized as an overpayment without any permanent partial disability award from which to credit the overpayment, as discussed in *Frazier v. AFG Indus.*, No. 03S01-9308-CV-00058, 1994 Tenn. LEXIS 396, at *6 (Tenn. Workers' Comp. Panel June 14, 1994). Rather, the medical evidence at the time "justifie[d] the receipt" of both temporary disability and medical benefits. *Id.* at *10.

ENTERED July 14, 2025

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Dr. Berkman's new-patient questionnaire form dated May 15, 2018
2. Easy Fill report dated January 1, 2014 to July 9, 2019
3. Email from Mr. Townsend to the claims representative dated August 14, 2018
4. Summons and Order of Compromise and Dismissal with Prejudice from Montgomery County General Sessions Court, docket no. GS2018CV-7253
5. Deposition transcript of Dr. William H. DeVries, including attachments
6. Excerpts from the deposition transcript of Mr. Carlos Townsend

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 14, 2025.

| Name | Certified Mail | Regular Mail | Email | Sent to |
|---|---|---|---|---|
| Carlos Townsend, Employee | | | X | carlostownsend649@yahoo.com |
| Blakely Matthews, Employer's attorney | | | X | bdmatthews@cclawtn.com japayne@cclawtn.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*